STATE *EX REL.* WEEKS v. BOARD OF DIRECTORS OF STATE DISPENSARY.

DISPENSARIES.—THE BOARD OF DIRECTORS OF THE STATE DISPENSARY has no power to close a county dispensary once lawfully established.

Petition in original jurisdiction of this Court for writ of prohibition against Board of Directors of State Dispensary by J. M. Weeks.

*Messrs. Moss & Lide* and *Elliott & Elliott,* for petitioner.

*Attorney General U. X. Gunter, Jr.,* contra.

March 1, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This case was brought by the petitioner against the defendants in the original jurisdiction of the Supreme Court. The following is the petition:

"I. That he is a citizen of the town of Elloree, in the county of Orangeburg, in said State, and presents this petition on behalf of himself and all other citizens in like condition.

"II. That there is located and maintained a dispensary for the sale of alcoholic and malt liquors under State regulations in the town of Elloree, in said county and State, the same

having been established and located therein during the year 1904, and has been in continuous operation ever since said year.

"III. That your petitioner, J. M. Weeks, is the dispenser, having been duly elected and authorized by the board of control of the county of Orangeburg to conduct said dispensary at said town of Elloree, and he has always strictly complied with the statutes in such case made and provided.

"IV. That during the month of October, 1904, a petition of sundry citizens of the town and vicinity of Elloree was presented to the Board of Directors of the State Dispensary, asking that the dispensary for the sale of alcoholic and malt liquors be removed from said town of Elloree, in said county and State, but no charges were alleged against your petitioner's management or conduct of the dispensary at said town of Elloree.

"V. That H. H. Evans, John Bell Towill and L. W. Boykin constitute the Board of Directors of the State Dispensary.

"VI. That on the 14th day of December, 1904, the said petition for the removal of the said dispensary located at Elloree, was considered by said Board of Directors of the State Dispensary, and said board by a vote of two members voting in favor of, and one member voting against, passed a resolution closing and removing said dispensary, located at Elloree, in said county and State, to take effect on the first day of January, 1905, notwithstanding the protest of your petitioner and other sundry citizens by petitions and otherwise.

"VII. That no vote had been taken by the qualified electors of the county of Orangeburg to close dispensaries in said county, as provided by law.

"VIII. That the said Board of Directors of the State Dispensary, in attempting to remove the said dispensary at said town of Elloree, acted contrary to law, and said act of said board was and is altogether null, illegal and void, inasmuch as no law of this State conferred or confers upon said Board

the authority to exercise such power, but, on the contrary, the laws of this State, and especially the law known as the dispensary law, and acts amendatory thereof, in spirit and substance prohibit the exercise of such power.

"Wherefore, your petitioner prays that a writ of prohibition do issue out of this honorable Court, prohibiting the said Board of Directors of the State Dispensary, or its agents, from closing or removing said dispensary at the town of Elloree, in said county of Orangeburg, and your petitioner will ever pray, etc."                    Signed by attorneys.

"The State of South Carolina, County of Orangeburg.

"Personally appeared before me, J. M. Weeks, who, being duly sworn, says that he has read the foregoing petition, and that he is the petitioner therein mentioned, and that said petition is true of his own knowledge.    J. M. Weeks."

"Sworn to before me, this 23d day of December, A. D. 1904.    Robert Lide, Notary Public, S. C."

Mr. Chief Justice Pope, at chambers, passed the following order: "The verified petition in this case having been read, and, on motion of B. H. Moss and Elliott & Elliott, attorneys for the petitioner, it is ordered, that H. H. Evans, L. W. Boykin and J. B. Towill, the Board of Directors of the State Dispensary, do show cause before this Court, at Columbia, S. C., on the 11th day of January, A. D. 1905, at 10 o'clock A. M., or as soon thereafter as counsel can be heard, why the writ of prohibition prayed for should not issue in accordance with the prayer of the petition herein, and that in the meantime, until further order of the Court, that the said H. H. Evans, L. W. Boykin and J. B. Towill, the Board of Directors of the State Dispensary, be restrained from action in the premises."

To this petition, the defendants, L. W. Boykin and J. B. Towill, the majority of the Board of Directors of the said dispensary, demurred; and as a cause of demurrer stated that

the petition of the plaintiff does not state facts sufficient to constitute a cause of action and entitle the plaintiff to the relief prayed for in his petition; but the defendant, Herbert Henry Evans, made the following as his return:

"And now comes Herbert Henry Evans, in his own behalf, and for return to the following order, to wit: 'Ordered, that H. H. Evans, L. W. Boykin and J. B. Towill, the Board of Directors of the State Dispensary, do show cause before this Court, at Columbia, S. C., on the 11th day of January, A. D. 1905, at 10 o'clock A. M., or as soon thereafter as counsel can be heard, why the writ of prohibition prayed should not issue in accordance with the prayer of the petition herein, and that in the meantime, until the further order of the Court, that the said H. H. Evans, L. W. Boykin and J. B. Towill, the Board of Directors of the State Dispensary, be restrained from action in the premises,' answering for himself, respectfully showeth:

"1. That so far as his knowledge and information extends, he believes the allegations contained in the various sections of the petition of the said J. M. Weeks to be substantially true.

"2. That, as a member of the said Board of Directors, and as its chairman, he opposed and voted against the resolution closing and removing the dispensary at Elloree, in Orangeburg County, because, as then advised, he believed the said board had no jurisdiction in the matter.

"3. That since the passage of the resolution complained of in said petition, this defendant has had no cause to change his opinion on the question of jurisdiction mentioned in the foregoing section, and he, therefore, submits the legality of his individual acts in the premises to the wise judgment of this honorable Court.

"Having answered as fully as he is advised it is material for him to do, he prays hence to be dismissed with his costs and disbursements."

The petition seeks the writ of prohibition to be issued by the Supreme Court. The respondents demur to the petition. We have considered the facts alleged in the petition and find that, if the same are true, the petitioner is entitled to the issuance of the writ prayed for. The following are the facts: J. M. Weeks was duly commissioned the county dispenser at Elloree, in Orangeburg County. There is no allegation that such county dispenser has failed to discharge his duties as such. No action has been taken by the county board of control of Orangeburg County in this matter. The Board of Directors of the State Dispensary alone have taken action on the petition of sundry citizens of the town of Elloree, of Orangeburg County, in this State, asking that the dispensary there located, whereby the sale of alcoholic and malt liquors was authorized, should be closed and removed from said town of Elloree, but no charges were made against the petitioner's management of said dispensary. And that on the 14th day of December, 1904, the petition of the citizens of Elloree for the closing of said dispensary and its removal therefrom was considered by the Board of Directors of the State Dispensary, and by a vote of a majority of said Board a resolution was passed directing that the county dispensary at Elloree should be closed the first day of January, 1905.

A scrutiny of the powers conferred by law upon the Board of Directors of the State Dispensary fails to show that any power to close a county dispensary, once lawfully established, has been conferred by law on said Board of Directors; but, on the contrary, the law confers such power upon a different tribunal. The act of the legislature, commonly known as the "Brice Bill" (see act of General Assembly of this date, entitled "An act to amend section 7 of an act entitled 'An act to provide for the election of the State Board of Control and to further regulate the sale, use, consumption, transportation and disposition of intoxicating and alcoholic liquors or liquids in this State, and prescribe further penal-

33—70

ties for violation of the dispensary laws and to police the same,' approved March 6, 1896," approved the 25th day of February, 1904—24 Stats. at Large, 485, 489).

"Section 7. There may be one or more county dispensers appointed for each county, the place of business of each of whom shall be designated by the county board of control, but the State Board of Control must give consent before more than one dispenser can be appointed in any county; and when the county board designates a locality for a dispensary, twenty days public notice of which shall be given, it shall be competent for a majority of the qualified voters of the township in which such dispensary is to be located to prevent its location in such township, by signing a petition or petitions, addressed to the county board, requesting that no dispensary be established in that township. A dispensary may be located elsewhere than in an incorporated town in the counties of Beaufort and Horry, and no others, except such as are authorized by special act of the General Assembly. Any county may secure the establishment of a dispensary or dispensaries, or the removal of a dispensary or dispensaries within its limits, in the following manner: upon the petition of one-fourth of the qualified voters of each county for an election upon either the question of the establishment or the removal of the dispensaries therein being filed with the county supervisor of each county, he shall order an election submitting the question of 'Dispensary' or 'No Dispensary' to the qualified voters of such county, which shall be conducted as other special elections; and if a majority of the ballots cast be found and declared to be for a dispensary, then a dispensary may be established in said county; but if a majority of the ballots cast be found and declared to be against the dispensary, then no dispensary shall be established therein, and any dispensary already established shall be closed. Elections under this section can be held not oftener than once in four years. No dispensary shall be established in any county, town or city wherein the sale of

alcoholic liquors was prohibited prior to July 1, 1893, except as herein permitted : *Provided,* That where dispensaries have been established in such county, town or city, they shall remain as established until removed or closed as permitted in this act : *Provided,* A tax of one-half mill annually is hereby levied upon every dollar of the value of all taxable property in all counties voting to remove or close the dispensaries, as above provided, for the purpose of defraying the expenses of the enforcement of the dispensary law in said county, under and by direction of the governor; said tax to be collected as other county taxes and forwarded to the State treasurer, to be expended, or so much thereof as may be necessary, as now provided by law, for such purposes.  Any balance remaining unexpended at the end of the year to be returned by the State treasurer to the county treasurer of such county for general county purposes; and that the value of all confiscations of contraband goods seized in such county, as determined by the State board of directors, shall be paid to the State treasurer, to be credited to the fund raised by said levy for the enforcement of the law, as above provided.  And any amount expended in said county for the enforcement of the dispensary law, shall be refunded to the State treasury upon the collection of the tax above levied.  Any county voting out a dispensary, shall not thereafter receive any part of the surplus that may remain of the dispensary school funds, after the deficiences in the various county school funds have been made up, as provided by law.

"Sec. 2.  That all acts and parts of acts inconsistent with this act be, and the same are hereby, repealed."

Apart from all this, such power in a Board of Directors of State Dispensary might set at naught the will of the people as expressed by their representatives legally chosen.  As we have before remarked, there is no power given to the State Board of Control to close a county dispensary.

The demurrer is overruled.  And as any further consideration is not desired on the merits, we will grant the petition.

It is, therefore, ordered, that the act of the State Board of Control is null and void, and the writ of prohibition is hereby ordered to issue, restraining the respondents from enforcing their resolution adopted on the 14th day of December, 1904.

MR. JUSTICE GARY *did not sit in this case because of illness.*